UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENT G. SHULTZ,

    Plaintiff,

v.                                    Case No. 1:89-cv-812
                                       HON. GORDON J. QUIST

H. GARY WELLS, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

        Plaintiff prisoner Kent Shultz has filed a letter request to terminate the prospective injunctive relief granted to him after the parties entered a private settlement agreement in 1991.  The court has construed plaintiff's request as a motion to terminate the injunction.  Defendants had agreed, under the settlement, to house plaintiff with a nonsmoking inmate as long as his medical needs warranted.  Plaintiff had previously moved to enforce the judgment.  Defendants moved to terminate the injunction.  The court initially denied plaintiff's motion to enforce the injunction and granted defendants' motion to terminate the injunction.  Plaintiff appealed and the Sixth Circuit held that the court could not terminate the injunction under 18 U.S.C. § 3626 because the injunction arose out of a private settlement agreement the court lacked authority to enforce or terminate the injunction.

        Now plaintiff requests that the court terminate the injunction because the injunction is no longer necessary.  If the parties agree to terminate the injunction, the court may order that the injunction be terminated.  Defendants have not filed a response to plaintiff's motion to terminate the

injunction. Defendants have moved in the past to terminate the injunction, so it is unlikely that defendants would object to the termination of the injunction.

Accordingly, unless a party objects, it is recommended that the court terminate the injunction in this matter, granting plaintiff's motion (docket #152).

<u>NOTICE TO PARTIES</u>: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten days of your receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR. 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal of those issues or claims addressed or resolved as a result of the Report and Recommendation. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: September 27, 2005